A. J. Diebold v. Commissioner.
Diebold v. Commissioner
Docket No. 24412.
United States Tax Court
1953 Tax Ct. Memo LEXIS 366; 12 T.C.M. (CCH) 167; T.C.M. (RIA) 53052; February 18, 1953
*366 Held, adjusted basis of stock owned by taxpayer determined. J. Henry O'Neill, Esq., 1307 Oliver Building, Pittsburgh, Pa., and John G. Kish, Esq., for the petitioner. Kalman A. Goldring, Esq., for the respondent. VAN FOSSAN Supplemental Memorandum Opinion Sur Mandate VAN FOSSAN, Judge: *367 In the original opinion in this proceeding, entered December 7, 1950, this Court determined that the petitioner's basis for computing the gain or loss on the disposition of 150 shares of capital stock in Diebold Investment Company was $54.59. The issue presented, upon submission of the proceeding under Rule 30, was whether a testamentary devise to the aforementioned corporation, of his residuary estate, including shares in this corporation, by F. X. Diebold, petitioner's brother, altered the petitioner's basis in this stock. This Court held that it did not. Subsequently appeals were prosecuted to the United States Court of Appeals for the Third Circuit. That Court ordered and decided that the decision of this Court be vacated and remanded for redetermination of the taxpayer's deficiency in accordance with the opinion of that Court. The decision of the Court of Appeals held that the petitioner's one-eighth interest in the family corporation was increased by the surrender and elimination of his brother's one-eighth interest as a stockholder, with the result that the petitioner then held a one-seventh interest in the corporation. The petitioner's proprietary interest was said to have *368 increased from 7/56 to 8/56. The Court said that the taxpayer's adjusted basis should have included the cost of the original 7/56 interest and the value of the additional 1/56 interest so acquired. This Court granted a motion to reopen the record in order that the facts necessary for a decision, in accordance with the opinion of the Court of Appeals, might be presented. The parties have, by supplemental stipulation, agreed to the following: "1. The value of the 12 shares of stock for Federal estate tax purposes in the Estate of F. X. Diebold, deceased, was $25,000.00, and the value of all other property of the decedent which was devised and bequeathed to the Diebold Investment Company was $307,245.95. "2. In 1929 a distribution of $47,040.00 was made to all the stockholders of the Diebold Investment Company. From this distribution, petitioner received $6,720.00. At the time of the said distribution, the only source available to the corporation for distribution was the property which the corporation received from the Estate of F. X. Diebold, deceased, valued at $307,245.95. "3. In 1937 a distribution of $1,000.00 was made to the stockholders of the Diebold Investment Company. *369 From this distribution, petitioner received $200.00. At the time of the said distribution, the only source available to the corporation for distribution was the property which the corporation received from the Estate of F. X. Diebold, deceased, valued at $307,245.95. "4. In 1943 a distribution of $1,000.00 was made to the stockholders of the Diebold Investment Company. From this distribution, petitioner received $200.00. At the time of the said distribution, the only source available to the corporation for distribution was the property which the corporation received from the Estate of F. X. Diebold, deceased, valued at $307,245.95. "5. Immediately prior to February 26, 1927, the date of death of F. X. Diebold, the petitioner owned 12 shares of stock of the Diebold Investment Company, which represented a one-eighth proprietary interest in the corporation, having a cost basis of $72.78. "6. After the death of F. X. Diebold, and after giving equal effect to the bequest of 12 shares of Diebold Investment Company stock of the decedent to the corporation, the petitioner owned a one-seventh interest in the Diebold Investment Company. "7. The Diebold Investment Company in 1929 and *370 1936 purchased 26 shares of its stock which were formerly held by E. M. Diebold and H. J. Diebold. The purchase and re-issue of said stock gave petitioner a one-fifth interest in the Diebold Investment Company after 1936. "8. In 1930 petitioner received a stock dividend of two shares of Diebold Investment Company. "9. In 1937 petitioner received a stock dividend of 186 shares of Diebold Investment Company stock, which increased his holding in the Diebold Investment Company stock to 200 shares. "10. In 1942 petitioner made gifts of shares of stock of Diebold Investment Company totalling 50 shares to individual members of his family." The parties have agreed by the above stipulation that the value of the stock of the petitioner's deceased brother was $25,000. By applying the rule enunciated by the Court of Appeals' opinion, the petitioner's basis is increased by one-seventh of the value of this stock, or $3,571.43. The Court of Appeals' opinion precluded an increase in the petitioner's basis because of the devise of the remainder of the residuary estate other than stock in the Diebold Investment Company. It stated: "* * * This value is the worth of the stock as it passed from *371 the testator and does not include any part of the value of the property other than stock which he devised and bequeathed to the corporation. * * *
"* * * The devise of miscellaneous property, unlike the surrender of Diebold stock, did not enlarge the taxpayer's proportional interest in the corporation. * * *" It is stated in the supplemental stipulation that in 1929 the petitioner received $6,720 from the Diebold corporation at a time when the only source available to that corporation for this distribution was the property received from F. X. Diebold, deceased, valued at $307,245.95. This distribution, it is argued, was a distribution of capital reducing the petitioner's basis to zero. The parties agree that, subsequent to the acquisition of the increased proportional interest in the corporation and prior to the disposition of this stock in the taxable year, the taxpayer received $6,720 from the corporation. The distribution was made from assets received upon devise from F. X. Diebold. The receipt of the residuary estate did not affect corporate earnings and profits. Rather, it constituted a contribution of capital voluntarily bequeathed by a stockholder to the corporation. *372 A gratuitous devise, without semblance of consideration or other factor associated with the earning of a return or profit achieved through business operations or investment of capital, does not fall within the classification of earnings and profits set forth in section 115 of the Internal Revenue Code. A devise or a gift cannot be considered an addition to earnings and profits under the ordinary meaning of those words. Under section 115 (1), I.R.C., [1] on specified transactions, earnings and profits are not increased or decreased by reason of gain or loss which is not recognized for income tax purposes. Bangor and Aroostook Railroad Company, 16 T.C. 578, affirmed 193 Fed. (2d) 827. Although this section is not literally applicable here, the intent evidenced by Congress is far removed from the thought of having gifts or devises increase corporate earnings and profits. Where a transaction resulted in contribution of capital, distribution of this capital to stockholders has been held to be a capital distribution rather than a dividend. United National Corporation v. Commissioner, 143 Fed. (2d) 580. *373 This principle would appear applicable here since a devise falls within the classification of a contribution to capital, and distribution of this capital to stockholders, such as petitioner, would require similar treatment. Regulations 111, section 29.22 (a)-16, declares that a corporation acquiring funds from stockholders by voluntary assessment receives contributions to capital. An unsolicited bequest would seem to be a stronger case for the same result. *374 As a result of the distribution, the taxpayer, under section 115 (d), I.R.C., [2] received a return of capital, reducing the basis of the stock he held in the corporation. This reduction of $6,720 more than offset the petitioner's basis prior to the receipt of the distribution. The net result is that the petitioner's basis would be reduced to zero. However, it was stipulated originally upon submission of the case under Rule 30 that the basis of the petitioner's stock would be $54.59, if the respondent prevailed. The respondent did not determine a deficiency upon a basis lower than $54.59, nor did he amend his pleadings to allege a greater deficiency. *375 The parties have filed their respective proposed recomputations pursuant to the opinion of the Court of Appeals. On consideration of the opinion of the Court of Appeals, and the proposed recomputations, and in the light of the facts subsequently stipulated by the parties, we are of the opinion, and hold, that the recomputation filed by the respondent correctly interprets the opinion of the Court of Appeals and should be approved. The resulting deficiency is $9,198.58. Decision of deficiency will be entered in the above amount. Footnotes
1. SEC. 115. DISTRIBUTIONS BY CORPORATIONS. * * *
(1) Effect on Earnings and Profits of Gain or Loss and of Receipt of Tax-Free Distributions. - The gain or loss realized from the sale or other disposition (after February 28, 1913) of property by a corporation - (1) for the purpose of the computation of earnings and profits of the corporation, shall be determined, except as provided in paragraph (2), by using as the adjusted basis the adjusted basis (under the law applicable to the year in which the sale or other disposition was made) for determining gain, except that no regard shall be had to the value of the property as of March 1, 1913; but (2) for the purpose of the computation of earnings and profits of the corporation for any period beginning after February 28, 1913, shall be determined by using as the adjusted basis the adjusted basis (under the law applicable to the year in which the sale or other disposition was made) for determining gain. Gain or loss so realized shall increase or decrease the earnings and profits to, but not beyond, the extent to which such a realized gain or loss was recognized in computing net income under the law applicable to the year in which such sale or disposition was made. * * *↩
2. SEC. 115. DISTRIBUTIONS BY CORPORATIONS. * * *
(d) Other Distributions from Capital. - If any distribution made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not a dividend, then the amount of such distribution shall be applied against and reduce the adjusted basis of the stock provided in section 113, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. This subsection shall not apply to a distribution in partial or complete liquidation or to a distribution which, under subsection (f)(1), is not treated as a dividend, whether or not otherwise a dividend.↩